[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ronald Lepine, Esq., Attorney for Petitioner. John M. Bailey, Esq., State's Attorney, for the State.
BY THE DIVISION
The petitioner, age 31 at the time of sentencing, was convicted by a jury of the crimes of sale of a narcotic substance by a non drug-dependent person, Conn. Gen. Stat.21a-278 (b), and possession of a narcotic substance, Conn. Gen. Stat. 21a-279 (a), for which he received sentences of twenty years and seven years respectively. These sentences run concurrently for a total effective sentence of twenty years to serve. In addition, with respect to the latter conviction, the sentencing court imposed a $10,000 fine.
These convictions arose out of the petitioner's arrest on April 25, 1989, by undercover police officers shortly after they had purchased cocaine from the petitioner. The petitioner testified at his trial and subsequently maintained his innocence to the probation officer who prepared the pre-sentence investigation report as well as to the court at the time of sentencing. At the hearing on this petition, the petitioner asked for mercy and forgiveness. He seeks a reduction of sentence citing the fact that he has no prior convictions relating to narcotics.
The penalty section of Conn. Gen. Stat. 21a-278 (b) states, in pertinent part; "Any person . . . for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years." Clearly, the petitioner's argument that the General Assembly did not contemplate the imposition of the maximum penalty for a first offense is without merit. CT Page 3443
At the time of sentencing, the trial court noted the severity of these crimes, the petitioner's prior criminal record, including a serious felony conviction in 1980, a violation of probation and out-of-state convictions. The court referred to the petitioner's refusal to acknowledge participation in the crimes in this case and found him to be a high rescidivistic risk of particular significance is the court's statement that neither the jury nor the court could find the petitioner's testimony at trial credible. For these reasons the court found the petitioner to be "one of those persons at the top of the scale provided by the legislature instead of at the bottom."
The sentence imposed is neither inappropriate or disproportionate considering the facts considered by the court including the need for deterrence and the protection of the public. The sentence is affirmed.
 Barry, J. Klaczak, J. Norko, J.
Barry, J., Klaczak, J., and Norko, J., participated in this decision.